IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE TIKI SERIES IV TRUST, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 6:21-cv-678 |
| LAURA L. KING and KENNETH R. KING, SR. a/k/a KENNETH R. KING, | § § § § | |
| *Defendants*. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

U.S. Bank Trust National Association, as Trustee of the Tiki Series IV Trust ("Plaintiff"), Plaintiff, files this suit complaining of Laura L. King and Kenneth R. King, Sr. a/k/a Kenneth R. King and states as follows:

### I.     Parties

1. Plaintiff U.S. Bank Trust National Association, as Trustee of the Tiki Series IV Trust is the mortgagee of the loan agreement secured by the Property made subject of this suit, as that term is defined in Tex. Prop. Code §51.0001(4).

2. Defendant Laura L. King is an individual who resides in Robertson County, Texas and is a citizen of the State of Texas. She can be served with process at 416 N. Owensville Street, Franklin, Texas 77855, or at such other place as she may be found. Summons is requested.

3. Defendant Kenneth R. King, Sr. a/k/a Kenneth R. King is an obligor of a Texas Home Equity Note and a citizen of the State of Texas. He can be served with citation at 2574 Old Boone Prairie Road, Franklin, Texas 77855, or at such other place as he may be found. Summons is requested.

## II.     Diversity Jurisdiction

4. The Court has jurisdiction over the controversy because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §1332.

5. Plaintiff is a national association and trustee of a trust. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is determined by the citizenship of its trustee. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.,* 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009); *Coury v. Prot.,* 85 F.3d 244, 248-49 (5th Cir. 1996). A national bank is a citizen of the state in which its main office is located, as set forth in its articles of association. 28 U.S.C. § 1348(c); *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 307 (2006). U.S. Bank is and at all times relevant to this action, was a national bank incorporated in Delaware with its main office located in Wilmington Delaware. A national bank is a citizen of the state where its main office, as designated in its articles of association are located. *Wachovia Bank*, *N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Thus, U.S. Bank is a citizen of Delaware for diversity jurisdiction. *Id.*

6. Defendants are individuals and citizens of the State of Texas.

7. In this lawsuit, Plaintiff seeks to foreclose on a Texas home equity lien with an outstanding amount owed greater than $75,000.00. Pursuant to the records of the Robertson County's Central Appraisal District online (esearch.robertsoncad.com), the Property is valued at $141,427.00.[1] Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## III.     Venue

---

[1] *See* Exhibit A – Robertson County Central Appraisal District property data.

8. Venue is proper in the United States District Court for the Western District of Texas, Waco Division, because this lawsuit concerns title to real property located in Robertson County, Texas. *See* 28 USC §124(d)(1), 1391(b)(2).

## IV.   Factual Background

9. On or about March 29, 2004, Laura L. King and Kenneth R. King, Sr. ("Defendants" or "Obligors") executed a Texas Home Equity Note (hereinafter "Note") in the principal sum of $90,000.00, with interest at the rate of 6.3750 percent per annum.[2] As security for payment of the Note, Defendants executed a Texas Home Equity Security Instrument (hereinafter "Deed of Trust") (collectively the "Loan Agreement") encumbering the real property and improvements commonly known as 2574 Old Boone Prairie Road, Franklin, Texas 77855 (hereinafter the "Property")[3] and more particularly described as:

> **ALL THAT CERTAIN TRACT OR PARCEL OF LAND LYING AND BEING SITUATED IN ROBERTSON COUNTY, TEXAS, OUT OF AND A PART OF THE F. MULLANSTER SURVEY, ABSTRACT NO. 262, AND FURTHER BEING OUT OF A 35.00 ACRE TRACT DESCRIBED IN A DEED TO KENNETH R. KING RECORDED IN VOLUME 400, PAGE 372 OF THE DEED RECORDS OF ROBERTSON COUNTY, TEXAS, SAID TRACT OR PARCEL OF LAND HEREIN DESCRIBED AS FOLLOWS:**
>
> **BEGINNING AT A FOUND 3/8" STEEL ROD AT A FENCE CORNER IN THE EAST LINE OF THE OLD BOONE PRAIRIE ROAD FOR THE SOUTH WEST CORNER OF THE ABOVE MENTIONED KING 35.00 ACRE TRACT AND FOR THE NORTH WEST CORNER OF THE JAMES W. STEELE, JR., ET UX, 83.73 ACRE TRACT;**
>
> **THENCE N 30 DEG 17' 22" W 30.00 FEET ALONG THE EAST LINE OF THE OLD BOONE PRAIRIE ROAD TO A FOUND 1/2" STEEL ROD FOR A CORNER OF THE HEREIN DESCRIBED TRACT;**
>
> **THENCE N 60 DEG 12' 04" E 1094.78 FEET TO A SET 1/2" STEEL ROD FOR AN INTERIOR CORNER OF THE HEREIN DESCRIBED TRACT;**

---

[2] *See* Exhibit B – Texas Home Equity Note.
[3] *See* Exhibit C – Texas Home Equity Security Instrument.

**THENCE N 29 DEG 47' 56" W 120.00 FEET TO A SET 1/2" STEEL ROD FOR A CORNER OF THE HEREIN DESCRIBED TRACT;**

**THENCE N 60 DEG 12' 04" E 200.00 FEET TO A SET 1/2" STEEL ROD FOR THE NORTH EAST CORNER OF THE HEREIN DESCRIBED TRACT;**

**THENCE S 29 DEG 47' 56" E 150.00 FEET TO A SET 1/2" STEEL ROD IN THE SOUTH LINE OF THE KING 35.00 ACRE TRACT FOR THE SOUTH EAST CORNER OF THE HEREIN DESCRIBED TRACT;**

**THENCE S 60 DEG 12' 04" W 1294.78 FEET ALONG A FENCE AND THE COMMON LINE BETWEEN THE KING AND STEELE TRACTS TO THE PLACE OF BEGINNING AND CONTAINING 1.44 ACRES OF LAND, MORE OR LESS.**

10. The Deed of Trust was recorded in the Official Public Records of Robertson County, Texas at 20041460.

11. Plaintiff is the holder and owner of the Note and beneficiary of the Deed of Trust pursuant to assignment.[4] On May 3, 2012, the original beneficiary under the Deed of Trust, Mortgage Electronic Registration Systems, Inc., As Nominee for ARK-LA-TEX Financial Services, LLC, DBA Benchmark Mortgage, Its Successors and Assigns, assigned its interest in the Deed of Trust to JPMorgan Chase Bank, N.A.  The assignment was filed in the Official Public Records of Robertson County, Texas at Doc. No. 20122524. On January 27, 2016, JPMorgan Chase Bank, N.A., its Successors and Assigns, assigned its interest in the Deed of Trust to MTGLQ Investors, L.P.  The assignment was filed in the Official Public Records of Robertson County, Texas at Doc. No. 20160496. On May 4, 2021, MTGLQ Investors, L.P. assigned its interest in the Deed of Trust to Plaintiff U.S. Bank Trust National Association, as Trustee of the Tiki Series IV Trust.  The assignment was filed in the Official Public Records of Robertson County, Texas at Doc. No. 20211733.

---

[4] *See* Exhibit D – Assignments.

12. The Note contains a blank indorsement. Plaintiff has possession of the Note Plaintiff is the current owner of the Loan Agreement and beneficiary of the Deed of Trust.

13. Defendants materially breached and have failed to cure their respective Loan Agreement obligation by failing to pay scheduled monthly payments. The amount to cure the default as of February 13, 2020 was at least $75,666.46. The payoff, as that term is generally described in Tex. Prop. Code § 12.017(5), of the Loan Agreement obligation as of June 30, 2021 is at least $120,549.92.

14. Prior to the filing of this complaint, the requisite notices to cure the default were mailed to each Obligor as required by the Texas Property Code and the Loan Agreement.[5] The opportunity to cure has expired.

15. Defendants failed to cure the default, and Plaintiff ACCELERATES the debt by the filing of this Complaint. *See Burney v. Citigroup Global Markets Realty, Corp.,* 244 S.W.3d 900, 903 (Tex. App.—Dallas 2008); *see also Alcala v. Deutsche Bank National Trust Company,* No. 16-20609, 2017 WL 1279227 *2 (5th Cir. Apr. 6, 2017).

16. The Loan Agreement obligation evidenced by the Note and Deed of Trust is due, owing, and payable and all conditions precedent under Tex. Prop. Code Chapter 51 and Tex. R. Civ. P. 54 have been accomplished.

---

[5] *See* Exhibit E – Notice of Default.

## V. Conditions Precedent

17. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract or lien sought to be foreclosure has been performed.

## VI. Causes of Action

### A. Breach of Contract

18. The foregoing paragraphs are incorporated herein by reference for all purposes.

19. On or about March 29, 2004, the Kings entered into a binding contract with Plaintiff's predecessor in interest in the form of a Note and Deed of Trust.[6] Plaintiff is the successor in interest pursuant to Assignments of the Deed of Trust.[7] Plaintiff is the holder of the Note, the assignee of rights under the Deed of Trust, and the Mortgagee as that term is defined by Tex. Prop. Code §51.0001(4). Plaintiff, as beneficiary through assignment, asserts a cause of action for breach of contract for default in that Loan Agreement.

20. The Property serves as security for the Kings' indebtedness is commonly known as 2574 Old Boone Prairie Road, Franklin, Texas 77855, and is more precisely described in Section IV above. The Note was made to refinance a debt or obtain cash out against the Property. The Kings executed and delivered the Deed of Trust conveying the Property in trust as collateral to secure payment and performance of the separate obligations created under the terms and conditions of the Loan Agreement.

21. Under the terms of the Note, the Kings are obligated to pay the loan amount as prescribed in the Note and Deed of Trust.

---

[6] *See* Exhibits B and C.
[7] *See* Exhibit D.

22.   Plaintiff performed completely under the terms of the Loan Agreement when it, or its predecessor in interest, funded the loan that the Kings promised to repay when they signed the Loan Agreement. The Kings breached the terms of the Loan Agreement by failing to tender payments in accordance with the payment schedule of the Loan Agreement. Payments are contractually due for the January 1, 2013 payment and subsequent payments. The original principal balance of the Note to be paid to Benchmark was $90,000.00. The amount required to pay off the Note as of June 30, 2021 is $120,549.92 with interest and allowable fees continuing to accrue. Therefore, there has been a material breach of the Loan Agreement.

23.   The requisite notice to cure the default was mailed to Defendants as required under applicable law and the terms of the Loan Agreement, and the opportunity to cure has expired. As a consequence of the failure to cure the default, Plaintiff accelerates the maturity of the debt with the filing of this Complaint.

24.   All other actions required by law or the terms of the Loan Agreement requisite for Plaintiff to foreclose under the Deed of Trust have been performed.

25.   In accordance with the Texas Rules of Civil Procedure and Tex. Const. art. XVI, §50(a)(6), Plaintiff, or its successors and assigns, seeks judgment for breach of contract whereby allowing Plaintiff to proceed with the non-judicial foreclosure of the lien against the Property. No personal liability is sought against Defendants.

**B.   Non-Judicial Foreclosure of the Lien**

26.   The foregoing paragraphs are incorporated herein by reference for all purposes.

27.   Because of a material breach of the Loan Agreement, Plaintiff seeks judgment from this Court allowing it to enforce its lien through non-judicial foreclosure pursuant to the terms of

the Loan Agreement, the Texas Constitution, and Texas Property Code section 51.002 with respect to Defendants.

28.     Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code section 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. This Court has the power and authority, pursuant to 28 U.S.C. §§2201-2202, to declare the rights of Plaintiff and Defendants as to the Note and Deed of Trust.

**C.     Judicial Foreclosure of the Lien**

29.     The foregoing paragraphs are incorporated herein by reference for all purposes.

30.     Plaintiff asserts a cause of action for judicial foreclosure. U.S. Bank, as the successor in interest to the original lender, has the right to enforce the Note and Security Instrument. U.S. Bank has fully performed its obligations under the Loan Agreement; however, the Kings did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the Loan). The Kings were provided with notice of default and intent to accelerate if the default was not cured. The default was not cured. To the extent not previously accelerated, the maturity date of the Note is accelerated. U.S. Bank seeks a judgment for judicial foreclosure of the Property.

31.     U.S. Bank has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of the Kings' failure to comply with the Loan Agreement. U.S.

Bank is therefore entitled to and seeks judgment for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Deed of Trust and under Texas law. U.S. Bank also seeks a writ of possession.

32. All conditions precedent have been performed or have occurred.

33. U.S. Bank, or its successors and assigns, seeks to judicially foreclose the Property encumbered by the Deed of Trust in accordance with the terms of the Deed of Trust and in accordance with TEX. R. CIV. P. 309, which is adopted by reference in this complaint. U.S. Bank is the beneficiary of the Deed of Trust, is the mortgagee of record and the party entitled to enforce the lien. U.S. Bank asserts a cause of action for judicial foreclosure against the Kings and seeks judgment allowing U.S. Bank to proceed with foreclosure of its lien against the Property.

**D.  Equitable Subrogation**

34. The foregoing is incorporated by reference for all purposes.

35. In the alternative to Plaintiff's claims for breach of contract, judicial foreclosure and non-judicial foreclosure, Plaintiff asserts a cause of action for equitable subrogation.

36. The doctrine of equitable subrogation provides that a third party will succeed to the rights of the original lender when the third party satisfies the borrower's obligation to the original lender. The lender is said to "step into the shoes" of the prior lienholder and assume the right to the security interest against the debtor. *LaSalle Bank Nat'l Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007).

37. Upon the closing of the Loan Agreement, Plaintiff's predecessor used some of the loan proceeds to pay off prior debts that were secured by the Property. In particular, sums of money were paid to Defendants' prior secured creditor to pay off their first mortgage lien. Sums were also paid by Plaintiff to the taxing authorities to pay Defendants' property taxes.

38. Pursuant to the doctrine of equitable subrogation, Plaintiff, as successor in interest to any prior secured creditor, stepped into the prior creditor's shoes and acquired its respective lien interests in the Property.

39. Defendants breached their obligation to tender full and timely payment to Plaintiff and Plaintiff accelerated the amount of the debt owed. Despite written demand, Defendants failed to tender payment for the amount due under the Note. Plaintiff thus seeks a judgment allowing it to foreclose on its lien on the Property secured by the moneys expended to pay off the prior secured obligations of Defendants.

40. All conditions precedent have been performed or have occurred.

**E.  Damages**

41. Based on Defendants' breach of their respective obligations under the Loan Agreement, Plaintiff has been damaged in an amount of at least $120,549.92 and is further entitled to attorney's fees, costs of court, interest, and all other fees and costs allowed to Plaintiff under the terms and conditions of the Loan Agreement.

42. The Loan Agreement is a non-recourse debt pursuant to TEX. CONST. art. XVI § 50(a)(6). However, fees, costs and interest can be added to the total debt and collected at the time of foreclosure of the Property pursuant to the terms of the Deed of Trust. Since this Loan Agreement is non-recourse, Plaintiff seeks no personal liability against Defendants. Plaintiff seeks only a judgment against Defendants for an *in rem* interest in the Property.

**F.  Attorney's Fees**

43. As a result of the breach of Defendants' obligation under the Loan Agreement, Plaintiff has been required to retain the undersigned legal counsel to institute and prosecute this action.

44. Under the terms of the Note and Deed of Trust, Defendants agreed to pay all reasonable attorney's fees and costs of court incurred in enforcing the payment and collection of the Note and Deed of Trust, to include any appeal to U.S. Court of Appeals for the Fifth Circuit or an appeal to the U.S. Supreme Court. Pursuant to the terms of the Deed of Trust, Plaintiff is entitled to recover its reasonable attorney's fees for the services rendered in instituting and prosecuting this action.

## VII.  Prayer

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that Plaintiff have judgment against Defendants, jointly and severally as applicable, for:

a. A judgment authorizing Plaintiff, its successors or assigns, to foreclose its lien pursuant to the power of sale contained in the Deed of Trust by a non-judicial foreclosure sale or alternatively, by judicial foreclosure pursuant to Tex. R. Civ. P. 309;

b. Judgment for damages for the unpaid amounts owing to Mortgagee as evidenced by the Note and Deed of Trust;

c. Pre-judgment interest as provided by law, attorneys' fees, and costs of court;

d. Post-judgment interest on the judgment from its date until paid;

e. Attorneys' fees and costs of suit; and

f.  Such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

By: */s/Crystal G. Gibson*
Crystal G. Gibson
State Bar No. 24027322
4004 Belt Line Road, Suite 100
Addison, Texas 75001
972-386-5040/ 800-795-5040
972-341-0734 (Fax)
CrystalR@bdfgroup.com
**ATTORNEYS FOR PLAINTIFFS**