IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL, ASSOCIATION, AS TRUSTEE OF THE TIKI SERIES IV TRUST, | § § § § § | |
| *Plaintiff,* | § § | JURY TRIAL DEMANDED |
| v. | § § | Civil Action No. 6:21-cv-678-ADA-JCM |
| LAURA L. KING and KENNETH R. KING, SR. a/k/a KENNETH R. KING, | § § § § | |
| *Defendants.* | § § | |

### DEFENDANT KENNETH R. KING SR. A/K/A KENNETH R. KING'S ORIGINAL ANSWER AND COUNTERCLAIMS

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, **Kenneth R. King Sr. a/k/a Kenneth R. King** ("Defendant") and files this, his Original Answer, showing unto the Court as follows:

### I.
### PARTIES

1. Defendant does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendant admits the allegation in the first sentence of Paragraph 2 of Plaintiff's First Amended Complaint. Defendant denies the remainder of the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's First Amended Complaint.

## II.
## DIVERSITY JURISDICTION

4.     Defendant admits the allegations in Paragraph 4 of Plaintiff's First Amended Complaint.

5.     Defendant does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of Plaintiff's First Amended Complaint.

6.     Defendant admits the allegations in Paragraph 6 of Plaintiff's First Amended Complaint.

7.     Defendant admits the allegations in Paragraph 7 of Plaintiff's First Amended Complaint.

## III.
## VENUE

8.     Defendant admits the allegations in Paragraph 8 of Plaintiff's First Amended Complaint.

## IV.
## FACTUAL BACKGROUND

9.     Defendant admits the allegations in Paragraph 9 of Plaintiff's First Amended Complaint.

10.    Defendant admits the allegations in Paragraph 10 of Plaintiff's First Amended Complaint.

11.    Defendant does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of Plaintiff's First Amended Complaint.

12.    Defendant does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of Plaintiff's First Amended Complaint.

13.    Defendant denies the allegations in Paragraph 13 of Plaintiff's First Amended Complaint.

14.    Defendant admits that notices were mailed as stated in in Paragraph 14 of Plaintiff's First Amended Complaint. Defendant denies the remainder of the allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

15.    Defendant denies the allegations in Paragraph 15 of Plaintiff's First Amended Complaint.

16.    Defendant denies the allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

## V.
### CONDITIONS PRECEDENT

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

## VI.
### PLAINTIFF'S CAUSES OF ACTION

**A.  Breach of Contract**

18. Paragraph 18 contains no allegations by Plaintiff.

19. Defendant admits the first sentence in Paragraph 19 of Plaintiff's First Amended Complaint. Defendant denies the remainder of the allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant admits the allegations in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendant admits the allegations in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's First Amended Complaint, except that Defendant admits that the original principal balance of the Note was $90,000.

23. Defendant admits that notices were mailed as stated in in Paragraph 23 of Plaintiff's First Amended Complaint. Defendant denies the remainder of the allegations in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's First Amended Complaint.

**B.  Non-Judicial Foreclosure of the Lien**

26. Paragraph 26 contains no allegations by Plaintiff.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

**C.  Judicial Foreclosure of the Lien**

29. Paragraph 29 contains no allegations by Plaintiff.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's First Amended Complaint.

### D. Equitable Subrogation

34. Paragraph 34 contains no allegations by Plaintiff.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendant denies the allegations in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendant denies the allegations in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's First Amended Complaint.

### E. Damages

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's First Amended Complaint, except that Defendant admits that the loan is non-recourse.

### F. Attorney's Fees

43. Defendant denies the allegations in Paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of Plaintiff's First Amended Complaint.

## VII.
## DEFENDANT'S AFFIRMATIVE DEFENSES

45. **Payment:** Defendant has tendered a payment each month to Plaintiff or Plaintiff's predecessors in accordance with the loan documents and in accordance with the Court order Defendant obtained in Cause No. 13-11-19458-CV in the 82nd District Court of Robertson County, Texas (discussed further below). Defendant has documentation of each payment he has tendered.

Many of the payments were rejected for improper and unlawful reasons. Plaintiff and/or Plaintiff's predecessors unnecesarily and unlawfuly charged interest and fees to Defendant as a result of the improperly and unlawfully rejected payments. Furthermore, Plaintiff and/or Plaintiff's predecessors misapplied some of the payments that were accepted. The amounts claimed as due and owing by Plaintiff in its First Amended Complaint are not correct.

46. **Estoppel / Collateral Estoppel / Equitable Estoppel / Res Judicata**: Plaintiff's claims have already been litigated on three separate occassions, and Defendant has prevailed each time, as detailed further below. Because Plaintiff or Plaintiff's predecessors have already unsuccesfully attempted to bring the claims described in Plaintiff's First Amended Complaint on three separate occassions, Plaintiff should be estopped from pursuing these claims against Defendant in this Court.

   a. First, on November 27, 2013, Plaintiff's predecessor, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, sought foreclosure in Cause No. 13-11-19458-CV in the 82nd District Court of Robertson County, Texas. On June 11, 2013, the 82nd District Court denied the foreclosure because "This Court further finds that Respondent, Kenneth King, has made payments on the promissory note to Applicant as per the terms of agreement between Applicant and Respondent, and/or Respondent, Kenneth King, has attempted to make payments to Applicant, which Applicant has not accepted." *See* **Exhibit 1.**

   b. Second, on May 9, 2016, Plaintiff's predecessor, MTGLQ INVESTORS, L.P., sought foreclosure in Cause No. 16-05-20029-CV in the 82nd District Court of Robertson County, Texas. On June 11, 2018, the 82nd District Court dismissed the case, following a motion to dismiss filed by MTGLQ INVESTORS, L.P.

   c. Third, on July 18, 2018, Plaintiff's predecessor, MTGLQ INVESTORS, L.P., sought foreclosure in Cause No. 18-07-20603-CV in the 82nd District Court of Robertson

County, Texas. On August 29, 2019, the 82nd District Court dismissed the case, following a notice of nonsuit filed by MTGLQ INVESTORS, L.P.

## VIII.
### DEFENDANT'S COUNTERCLAIMS

47. Defendant incorporates all the facts stated in this pleading into the following counterclaims as if fully set forth herein.

48. This Court has jurisdiction over Defendant's counterclaims pursuant to Federal Rue of Civil Procedure 13 and 28 U.S.C. 1367.

**Texas Debt Collection Practices Act**

49. Plaintiff is a debt collector as defined in the Texas Debt Collection Practices Act ("TDCPA"), and Defendant is a consumer as defined in the TDCPA. Plaintiff has engaged in a practice of refusing payments on the alleged debt and improperly applying payments on the alleged debt. Furthermore, Plaintiff has sent notices and communications claiming Defendant is in breach of his loan agreements and seeking to foreclose on Defendant's homestead property despite the fact that all principal and interest payments have been tendered, and taxes and insurance paid, at all times relevant to this matter. Plaintiff has committed multiple actions in violation of the TDCPA in attempting to collect this consumer debt, including without limitation, the following fraudulent, deceptive, or misleading representations::

    a. misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial proceeding,

    b. misrepresenting that the debt is and/or may be increased by attorney's fees and other service fees not authorized based on Defendant's payments; and

    c. using other false representations or deceptive means to collect a debt.

50. Plaintiff's violations of the TDCPA and its fraudulent, deceptive, and/or misleading misrepresentations while attempting to collect a debt have been committed knowingly, recklessly,

intentionally, fraudulently, or due to Plaintiff's gross negligence, as demonstrated by the fact that this is the fourth lawsuit attempted by Plaintiff or Plaintiff's predecessors (all with the same law firm) to bring these claims against Defendant. Plaintiff's predecessors lost in Court during the first lawsuit, and then voluntarily dismissed the next two lawsuits, all which took years and cost Defendant large sums of money in attorney's fees and expenses. Defendant has endured nearly a decade of mental anguish due to the threat of losing his home as a result of Plaintiff's unlawful actions and frivolous claims.

51. Plaintiff's actions have caused Defendant actual damages, mental anguish damages, and attorney's fees and expenses. Furthermore, because Plaintiff acted fraudulently or with gross negligence, Defendant is entitled to exemplary damages. Defendant seeks recover of his actual damages, mental anguish damages, exemplary damages, attorney's fees and expenses, civil penalties, and pre and post judgment interest, pursuant to Texas Finance Code Chapter 392 and Texas Civil Practice and Remedies Code 41.003.

**Texas Deceptive Trade Practices Act**

52. The TDCPA is a "tie-in" statute of the Texas Deceptive Trade Practices Act ("DTPA") and the same violations of the TDCPA described in paragraphs 49 – 51 above (which are hereby incorporated into this paragraph by reference) are also deceptive trade practices under the DTPA. Defendant is a consumer under the DTPA. Such actions described above in paragraphs 49 – 51 are a producing cause of Defendant's damages. In the alternative to the TDCPA damages described above, Defendant is entitled to his actual damages, mental anguish damages, and attorney's fees and expenses under the DTPA. Furthermore, because Plaintiff acted knowingly or intentionally, Defendant is entitled to treble damages. In the alternative to Defendant's TDCPA damages, Defendant seeks recover of his actual damages, mental anguish damages, treble damages, attorney's

fees and expenses, and pre and post judgment interest, pursuant to Chapter 17 of the Texas Business and Commerce Code.

**Breach of Contract**

53.     Plaintiff's predecessor and Defendant entered into an agreement regarding the home equity loan to Defendant, which is a valid and enforceable agreement. Defendant fully performed under the terms of the agreement. Plaintiff breached the agreement by failing to accept some of Defendant's payments towards the loan and by failing to properly apply those payments that Plaintiff did accept. As a proximate result, Defendant has suffered damages. Defendant seeks recover of his actual damages and attorney's fees and expenses as a result of Plaintiff's breach of contract.

## IX.
## JURY DEMAND

54.     Defendant hereby demands a jury trial and tenders the appropriate fee with this answer.

## X.
## CONDITIONS PRECEDENT

55.     All conditions precedent to Defendant's claims for relief have been performed or have occured.

## XI.
## ATTORNEY'S FEES

56.     Plaintiff's conduct as described herein and the resulting damage and loss to Defendant has necessitated Defendant's retention of the attorneys whose names are subscribed below. Therefore, request is hereby made for all costs and reasonable attorney's fees and expenses incurred by Defendant herein, including all fees and expenses necessary in the event of any appeal of this cause.

## XII.
### PRAYER

WHEREFORE, Defendant requests that Plaintiff takes nothing by Plaintiff's claims, and that Defendant recovers the relief requested as described in this pleading, and for such other and further relief to which Defendant may be justly entitled.

Respectfully Submitted,

BEARD KULTGEN BROPHY
BOSTWICK & DICKSON, PLLC

_____
Andy Pattillo
State Bar No. 24102339
Andrew Schrader
State Bar No. 24062988
220 South Fourth Street
Waco, Texas 76701
Telephone: (254) 776-5500
Facsimile: (254) 776-3591
pattillo@thetexasfirm.com
schrader@thetexasfirm.com

**ATTORNEYS FOR DEFENDANT
KENNETH R. KING**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded to all counsel of record on April 28, 2022 via the Court's electronic filing system, and to Defendant Laura L. King via mail, email, or hand delivery, in accordance with applicable law.

_____
Andy Pattillo